■ TAMARA BETHEIL-SPITZ et al., Respondents, v EDWIN LINARES et al., Appellants. [715 NYS2d 338] —Motion by the respondents on an appeal from an order of the Supreme Court, Suffolk County, dated June 15, 1999, to dismiss the appeal as academic in light of a decision and order of the same court dated October 28, 1999. By decision and order on motion of this Court dated May 10, 2000, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

■ TAMARA BETHEIL-SPITZ et al., Appellants, v EDWIN LINARES et al., Respondents. [715 NYS2d 435] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 28, 1999, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for summary judgment. The defendants established a prima facie case that the injured plaintiff, Tamara Betheil-Spitz, did not sustain a serious injury in the underlying accident (*see, Gaddy v Eyler,* 79 NY2d 955), thereby shifting the burden to the plaintiffs to demonstrate by admissible evidence that the injured plaintiff had sustained such an injury (*see, Licari v Elliott,* 57 NY2d 230, 235; *Nadrich v Woodcrest Country Club,* 250 AD2d 827). The evidence submitted in opposition to the defendants' motion demonstrated that the injured plaintiff had congenital scoliosis and a preexisting degenerative disc condition. The defendants' evidence established that, as a result of the accident, the plaintiff suffered only a strain to the muscles of her neck and back which had fully resolved itself within three months.

In opposition to the defendants' motion, the plaintiffs submitted the affidavits of a radiologist, Dr. Sharada Jayagopal, and an orthopedic surgeon, Dr. Schlomo Piontkowski. Although the credibility of a physician's affidavit usually should not be weighed on a motion for summary judgment, the affidavits of

Dr. Jayagopal and Dr. Piontkowski merely reinterpreted findings based on Dr. Piontkowski's 1996 examination of the injured plaintiff and Dr. Jayagopal's review of a magnetic resonance image of the injured plaintiff's spine taken in 1996. In these physicians' original diagnoses, there was no mention of seriousness or permanency and, in the case of Dr. Jayagopal, no suggestion that the accident was the cause of the injured plaintiff's cervical problems. The affidavits of the injured plaintiff's physicians, submitted in opposition to the defendants' motion, clearly represent a tailoring of their assertions to meet the statutory requirements (*see, Powell v Hurdle,* 214 AD2d 720). Furthermore, there was no explanation by the injured plaintiff for the three-year gap in her treatment (*see, Cabri v Myung-Soo Park,* 260 AD2d 525; *Stowe v Simmons,* 253 AD2d 422). Sullivan, J. P., S. Miller, H. Miller and Smith, JJ., concur.